UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────x

LINDSAY GRACE WHIDDON,

    Plaintiff,

  -against-                                No. 22 Civ. 4696 (CM)

BUZZFEED, INC.,

    Defendant.
───────────────────────────────x

**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS**

McMahon, J.:

Plaintiff Lindsay Grace Whiddon ("Whiddon") brought a single copyright infringement claim against Defendant Buzzfeed Inc. ("Buzzfeed") for its use of three of her photographs in a news article. Defendant moved to dismiss Plaintiff's first amended complaint ("Complaint"), asserting an affirmative defense of fair use. (Dkt. No. 20). On October 31, 2022, the court granted Defendant's motion and dismissed the Complaint with prejudice. (Order, Dkt. No. 32). The next day, the Clerk of Court entered judgment in favor of the Defendant. (Dkt. No. 33). Two weeks later, Defendant moved for recovery of attorney's fees and costs. (Dkt. No. 35).

Plaintiff now moves for reconsideration of the court's October 31, 2022 order ("Order") pursuant to Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York and Federal Rule of Civil Procedure 60(b). (Mot. for Reconsideration, Dkt. No. 39). Plaintiff asks the court to "reconsider and vacate the Order dismissing the action, vacate the final Judgment, and grant [] leave to file a Second Amended Complaint." (Reconsideration Mem. 6, Dkt. No. 40).

For the following reasons, I deny with prejudice Plaintiff's motions for reconsideration, to vacate the Order, to vacate the final judgment, and for leave to amend.

## BACKGROUND

Familiarity with the facts of the case and of the court's October 31, 2022 Opinion and Order, (Dkt. No. 32), is assumed, and the same defined terms are used herein. For convenience, the court recounts the most relevant allegations and procedural history below.

In brief, Whiddon alleged that Buzzfeed violated her copyright by using her Photographs in a news article. (*Id.* at 1). Defendant filed a motion to dismiss with prejudice, asserting that its use of the Photographs was fair use. (*Id.* at 2). After Defendant filed its first motion to dismiss, Plaintiff amended her complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). (*Id.* at 6). Defendant moved to dismiss Plaintiff's amended complaint ("Amended Complaint"), asserting its affirmative defense of fair use. (*Id.* at 7).

In her memorandum in opposition to Defendant's motion to dismiss, Plaintiff indicated in her preliminary statement and in her conclusion, "[i]f the Motion is granted, Plaintiff respectfully requests leave of Court to file a Second Amended Complaint." (Pl. Opp. 8, 31, Dkt. No. 26). Plaintiff did not identify the grounds for her request. She did not identify what new facts or legal theories she might assert if given the opportunity to replead. She did not attach a proposed amended complaint to her memorandum.

On October 31, 2022, the court granted Defendant's motion and dismissed the Amended Complaint with prejudice. (Order, Dkt. No. 32). The court held that three of the four fair use factors supported the Defendant's claim that its use of the Photographs was fair use. (*Id.* at 20).

First, the court held that the use of the three photographs was transformative because the photographs were used for a news report on a social media controversy that arose around a friend

2

of Whiddon's. (*Id.* at 11). Second, the court held that the reproduction of the entirety of the photographs was reasonable for Defendant's reporting on the social media controversy. (*Id.* at 18). Third, the court held that the Defendant's use did not compete with the Plaintiff's photographs in any traditional market. (*Id.*). While the court recognized that the photographs were creative, it afforded this factor less weight. (*Id.* at 17). As three of the four factors supported Defendant's fair use argument, the court found that use of the photographs was fair use and granted Defendant's motion to dismiss with prejudice. (*Id.* at 20). The court's memorandum did not address leave to amend. The next day, the Clerk of Court entered judgment in favor of the Defendant. (Dkt. No. 33). After the Clerk entered judgment in favor of the Defendant, the Defendant moved for attorney fees and costs. (Dkt. No. 35).

Plaintiff moves for reconsideration of the Order pursuant to Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York and Fed. R. Civ. P. 60(b)(1), so she could have leave to amend her pleading pursuant to Fed. R. Civ. P. 15(a). Plaintiff seeks to add further allegations that "would cure any deficiencies in the First Amended Complaint, and would lead to a different result under the four-factor fair use analysis." (Reconsideration Mem. 8).

Plaintiff proposes two changes to her original complaint that would allegedly fix its deficiencies.

First, Plaintiff cites three more URLs of other media reports on the social media controversy, (Proposed Second Amended Compl. ¶ 66, Dkt. No. 40-1), and adds the allegation that, "Buzzfeed utilized more Photographs than were necessary and essential to tell the story as demonstrated by the fact that other publications used less Photographs than Buzzfeed to

3

sufficiently communicate the story to its readers, or none at all[,]", (*Id.* ¶ 71). She describes the use of photographs by other media outlets:

> "Forbes used only two of the four Photographs Buzzfeed used. . . . Insider used only two of the four Photographs Buzzfeed used. . . . The Guardian did not use any of the subject Photographs for its story. . . . BBC used only one of the subject Photographs. . . . Visor Down used only one of the subject Photographs. . . . SLR Lounge used none of the subject Photographs. . . . [the social media website] Reddit . . . does not use any photographs. . . ."

(*Id.* ¶¶ 72–78).[1]

Plaintiff argues this amendment, alleging that other media outlets reported on the story without using the three subject Photographs, will show "it was unnecessary and inappropriate for BuzzFeed to use the three subject Photographs here, in addition to the SmartWater Photograph." (Reconsideration Mem. 11). Upon consideration of these "new and/or overlooked facts" – which were not in her original complaint, so they could not have been overlooked – Plaintiff claims that the court would reach a "different result," on the motion to dismiss (*Id.*).

Second, Plaintiff adds allegations that could create a question of fact about whether Buzzfeed's use of Plaintiff's Photographs had an impact on the market for the three Photographs and plans Plaintiff may have had for licensing them. Plaintiff alleges that, "[she] would have licensed her Photographs to [] media outlets if they had reached out to her before stealing her Photographs." (Proposed Second Amended Compl. ¶ 68, Dkt. No. 40-1). She adds she would have "specifically" licensed her Photographs to Buzzfeed, Forbes, Insider, and BBC, "in support

---

[1] Plaintiff makes repeated reference to use of, "the four Photographs." In her original complaint, Plaintiff did allege that the Defendant infringed the Plaintiff's copyright in four photographs. However, Plaintiff repleaded her complaint to remove her claim of copyright infringement as it related to one photograph ("SmartWater Photograph"). As it does not appear from the face of Plaintiff's motion or proposed second amended complaint that she is trying to reassert her claim regarding this photograph, I will assume the Plaintiff's allegations remain limited to the three subject Photographs in dispute.

4

of Ms. Mitchell's interview and story regarding her accident and Instagram post." (*Id.* ¶ 69). Plaintiff asserts that this second amendment would allow her to plausibly allege that Buzzfeed's use had an adverse impact on the potential market for the Photographs – the fourth fair use factor. (Reconsideration Mem. 12).

Plaintiff argues that, if her complaint were amended in the manner proposed, the court would reach a different result on the motion to dismiss. (Reconsideration Mem. 12). In other words, she argues that amendment would not be futile.

## DISCUSSION

Plaintiff moves for reconsideration pursuant to Local Rule 6. 3. She moves for reconsideration because she wants leave to amend her complaint to make changes that she believes will overcome the court's reasons for dismissing the original pleading.

Reconsideration is not the appropriate vehicle for what Plaintiff wishes to do. And interpreting her motion under the correct approach – which is a motion to vacate the judgment per rule 60(b) – does not help her win the day.

Local Civil Rule 6.3 addresses motions for reconsideration or reargument and directs the moving party to set "forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Reconsideration is only appropriate where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Plaintiff identifies nothing that the court overlooked in deciding that her pleading was insufficient. She points to no new law on the subject of fair use, states no "controlling decisions or data that the court overlooked." *Derogatis v. Bd. of Trustees of the Cent. Pension Fund of the Int'l Union of Operating Engineers*, No. 13 CIV. 8788(CM), 2016 WL 1319247, at *1 (S.D.N.Y. Apr. 1, 2016). Instead, she says the court "overlooked" a sentence in her brief, in which she asked for an opportunity to amend her complaint to correct any deficiencies identified by the court in its consideration of the original motion – "If the Motion [to Dismiss] is granted, Plaintiff respectfully requests leave of Court to file a Second Amended Complaint." (Pl. Opp. 8, 26, Dkt. 26).

The court overlooked nothing because there was nothing to overlook.

If Plaintiff thought her original pleading was deficient, she would have been fully within her rights to respond to the motion to dismiss by cross-moving for leave to amend her pleading and attaching a proposed amended complaint that cured any deficiencies identified by defendant. Fed. R. Civ. P 15(a)(2). Plaintiff could even have attached to her responsive papers a proposed amended complaint without making a formal motion, *Goney v. SuttonPark Cap. LLC*, No. 21-1101, 2021 WL 5071867, at *2 (2d Cir. Nov. 2, 2021). Or she could have even identified with specificity in her brief changes she might make to her pleading that would solve the problems identified by defendant. She did none of the above.

It is settled Second Circuit law that this court was fully within its rights to deny – explicitly or implicitly – an unsupported informal suggestion of amendment that is buried at the end of a brief where, as here, there is nothing whatever in the opposition papers that suggests any

reason why the complaint's original deficiencies might be correctable. In "the absence of any indication that [a Plaintiff] could—or would—provide additional allegations that might lead to a different result, [a] District Court [would] not err [by] dismissing [a] claim with prejudice." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). "It [also] is within the court's discretion to deny leave to amend *implicitly* by not addressing the request when leave is *requested informally in a brief filed in opposition to a motion to dismiss.*" *Liu v. Intercept Pharms., Inc.*, No. 20-3488, 2022 WL 2165621, at *4 (2d Cir. June 16, 2022) (quoting *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 2006 WL 2401244, at *28 (2d Cir. Aug.10, 2006) (emphases added).[2] The court thus properly denied Plaintiff's improper request for leave, and there is no basis upon which to reconsider that decision.

In any event, reconsideration is not the right vehicle to accomplish what the plaintiff wants to do, which is amend her now-dismissed complaint.

To amend a complaint post-judgment, a plaintiff, "must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (*quoting Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244–45 (2d Cir.1991)). "[I]t would be contradictory to entertain a motion to amend the complaint" without "a valid basis to vacate the previously entered judgment." *Nat'l Petrochemical,* 930 F.2d at 245. "To hold otherwise would enable the liberal amendment policy of Rules 15(a) to be employed in a way that is contrary to the philosophy favoring finality of

---

[2] Plaintiff further confuses matters by fixating on whether the complaint was dismissed with or without prejudice, apparently believing that if the court did not say "with prejudice" it was without prejudice. She has it exactly backward. Defendant moved for dismissal *with prejudice* and I granted *that motion.* (Order 2). Also, unless otherwise stated, an involuntary dismissal for failure to state a claim operates as an adjudication on the merits, Fed. R. Civ. P. 41(b), which means that it *is* a dismissal with prejudice.

7

judgments and the expeditious termination of litigation." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (cleaned up) (quoting *Nat'l Petrochemical*, 930 F.2d at 245.

So she must seek relief from the judgment pursuant to Rule 60(b).[3]

Interpreting Plaintiff's motion as one brought for relief from judgment does not, however, allow her to win the day.

A party may seek relief from a district court's order or judgment, pursuant to Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 60(b) is "a mechanism for 'extraordinary judicial relief invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). For such a motion to succeed the movant must present "highly

---

[3] Plaintiff claimed to bring her motion for reconsideration or reargument pursuant to Fed. R. Civ. P. 60(b)(1), the rule for a motion for relief from a judgment. However, motions for reconsideration and motions for relief from a judgment are motions for different forms of relief. In light of the citation, I will liberally construe Plaintiff's motion as a proper motion for relief from a judgment pursuant to Fed. R. Civ. P. 60(b).

8

convincing" evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the non-moving party as a result. *Kotlicky v. U.S. Fidelity Guaranty Co.*, 817 F. 2d 6, 9 (2d Cir. 1987). Under Rule 60(b)(6), a movant is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

The only possible basis for granting Plaintiff relief from the judgment would be Rule 60(b)(6), which provides for relief for "any other reason justifying relief." Where a plaintiff specifically seeks to obtain relief from a judgment so she may file an amended complaint, a court should, "take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir.1991). In other words, the court shall treat the motion like a motion for leave to amend per Rule 15 – and assess the proposed complaint for viability or futility.

I conclude that neither of Plaintiff's proposed amendments would solve the problems that led to the dismissal of her original complaint. Put otherwise, vacating the judgment would be a futile gesture.

Plaintiff would first amend her complaint by adding the allegation that other media publications reporting on the alleged controversy were able to report without using the same three photographs as the Defendant, which allegedly renders Buzzfeed's use of these photographs, "unnecessary and inappropriate." (Reconsideration Mem. 11).[4] Plaintiff believes

---

[4] As mentioned above, while Plaintiff originally asserted copyright infringement claims for the use of four photographs, Plaintiff removed the claim for one photograph ("SmartWater Photograph") when she amended her complaint as of right. Since it does not appear that Plaintiff is attempting to re-assert this dropped claim, I will continue to treat Plaintiff as challenging the use of the three photographs in controversy and not the SmartWater Photograph.

9

the fact that other news outlets illustrated their coverage with fewer photographs would cause the court to conclude that the first and third fair use factors favor Plaintiff.

It would not.

The first factor of the fair use analysis asks whether the purpose of the challenged use is transformative. While Plaintiff took the Photographs to depict Ms. Mitchell, the court noted that Buzzfeed used them for the far different and transformative purpose of reporting on the online controversy that had arisen around Ms. Mitchell's Instagram Post. (*Id.* at 11). Courts have repeatedly held, where an individual's decision to disseminate an Instagram post is specifically the subject of reporting, "the use of the Instagram post and its copyrighted material in the reporting [is] sufficiently transformative to support a fair use defense." (*Id.* at 14). Following clear Circuit precedent, the court found Buzzfeed's transformative purpose weighed in favor of fair use.

The third factor considers whether the proportion of the material copied is reasonable for the secondary work's purpose. Buzzfeed reproduced all three Photographs in their entirety. However, in the context of news reporting, "the need to convey information to the public accurately may . . . make it desirable and consonant with copyright law for a defendant to faithfully reproduce an original work without alteration." (*Id.* at 17–18). As a result, the court found the full reproductions were reasonable and appropriate to accurately represent Ms. Mitchell's social media post in their news coverage and supported fair use. (*Id.* at 17).

Plaintiff's argument that other media outlets did not use all three photographs does not contradict these findings nor lead to different findings on the first and third factors. The use of the photographs was still transformative; the number of photographs used does not affect the "transformative analysis." As the court explained in its original decision, the full reproduction of

all three Photographs was necessary and appropriate for the reporting that *Buzzfeed did*. The fact that other news outlets reproduced fewer photographs is irrelevant to this court's finding that the use of the three photographs was necessary and appropriate to *Buzzfeed's* reporting. Fair use analysis does not direct courts to perform a free-wheeling inquiry into the editorial or creative choices of other media outlets to determine whether a defendant's use is fair.

Plaintiff's argument is puzzling because she believes the lesser use of her photographs by the other media outlets was also not fair use and infringed her rights.[5] By Plaintiff's logic, even if the Defendant had used fewer photographs, or just one, Buzzfeed would still have reproduced too much. Plaintiff is simply trying to relitigate her original argument that the use of these photographs for news reporting was not transformative nor was reasonably necessary. That argument does not wash. So Plaintiff's first proposed amendment would be futile.

Plaintiff's second proposed amendment would add to the pleading an assertion that she would have licensed the Photographs to Buzzfeed and other media outlets if they had approached her. Plaintiff seems shocked that, "[i]n the total absence of any record or testimony from Plaintiff," the court "concluded" that Plaintiff did not plan to license her photographs. Plaintiff claims that her desire to license was an open question of fact; that she did intend to license the photographs; and that allowing her to so state with specificity in an amended pleading would contradict the court's conclusion that the fourth fair use factor – the effect on the market for Plaintiff's Photographs – favored Defendant. As a result, she argues the court would hold that

---

[5] "If other media outlets successfully reported the story and provided the full context of the subject of the controversy with two photographs (*though they too were unauthorized uses*) or less, then BuzzFeed certainly was not justified in using all four photographs for essentially the same story." (Reconsideration Mem. 10) (emphasis added).

11

she had plausibly alleged Buzzfeed's use had an adverse effect on the potential marketplace for her Photographs and hold this fair use factor in her favor.

Again, Plaintiff is wrong.

Leaving aside that it was the Plaintiff who failed to plead any allegations that she intended to license her photographs on two separate occasions, Plaintiff's intention to license would not effect the court's analysis. The Instagram Post showed the Photographs alongside Ms. Mitchell's Instagram account name, her text narrative of the motorcycle accident, and data about the Post, such as when it was posted and the number of "likes" it received from Instagram users. The court held the fourth factor weighed in favor of fair use because it was implausible that Buzzfeed's screenshots of Ms. Mitchell's Instagram Post, displaying this additional text, would compete with Plaintiff's Photographs in the marketplace. (*Id.* at 18).

Moreover, accepting that Plaintiff intended or planned to license her photographs to the media outlets, the court also stated that an allegation of, "lost licensing revenue is not sufficient to claim an impact on the marketability of a copyright." (*Id.* at 20). A plaintiff must allege lost licensing revenues for a "traditional, reasonable, or likely to be developed market[] . . . ." (*Id.*). In her original complaint, Plaintiff did not plausibly allege that the secondary use market of media reporting on her friend's social media controversy was a "traditional, reasonable, or likely to be developed market," for Plaintiff's Photographs. (*Id.*). Her stated intention to license does not add any support to this allegation. Plaintiff's amendment would not alter the court's analysis of the fourth fair use factor, which would still weigh in favor of the Defendant.

Because the proposed amendments would not alter the court's analysis of the fair use factors, Plaintiff's proposed amended complaint would not survive a 12(b)(6) motion to dismiss

for failure to state a claim. As amendment would be futile, it is inappropriate to grant relief from the final judgment or my order.

## CONCLUSION

The Plaintiff's motions for reconsideration, to vacate the Order granting Defendant's motion to dismiss, to vacate the final judgment, and for leave to file a Second Amended Complaint are DENIED.

The Clerk of the Court is respectfully directed to close Dkt. No. 39.

Dated: December 13, 2022

*[signature]*

U.S.D.J.

TO ALL PARTIES BY ECF