UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

LINDSAY GRACE WHIDDON,

    Plaintiff,

-against-                                                                 No. 22 Civ. 4696 (CM) (KHP)

BUZZFEED, INC.,

    Defendant.

---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2023

### DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AN AWARD OF COSTS AND ATTORNEYS' FEES

McMahon, J.:

    The court having dismissed the complaint of plaintiff Lindsay Grace Whiddon, (Dkt. No. 32), Defendant has moved for a discretionary award of costs[1] and attorneys' fees pursuant to the Copyright Act, 17 U.S.C. § 505. This section of the Act authorizes, "the court in its discretion [to] . . . award a reasonable attorney's fee to the prevailing party[,]" in an action alleging copyright infringement. Defendant's motion was supplemented after plaintiff moved for reconsideration – an application that the court later denied as both procedurally improper and wholly lacking in merit. (Dkt. No. 46). The parties are referred to the court's two decisions for a discussion of the facts and law relevant to the merits decisions.

    In deciding whether to exercise its discretion to award attorneys' fees to a defendant wrongfully accused of copyright infringement, a court is to consider, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 and n.19 (1994). Claims are objectively unreasonable if they have no legal or factual support.

    In this particular case, plaintiff's claims were thin, and I gather there is litigation history between Buzzfeed and the law firm representing her – history that Buzzfeed, at least, believes is highly relevant to the issues of objective unreasonableness and good faith. Nonetheless – and I say this without in any way suggesting that there was any doubt in the court's mind about the

---

[1] As the prevailing party, defendant is entitled to have the Clerk of Court assess statutory costs, Fed. R. Civ. P. 54(d)(1), and the Clerk is directed to do so. The rest of this decision will address only the issue of attorneys' fees.

lack of merit to plaintiff's claims – the fact that Congress made a fee award discretionary, rather than mandatory, normally causes this court to reserve such awards for the "worst of the worst" cases. And I have, in fact, seen worse copyright infringement cases. This augurs for denying the motion for fees incurred in connection with the original motion to dismiss.

I will grant the motion, however, to the extent that it seeks attorneys' fees incurred in responding to the motion for reconsideration, which was frivolous and objectively unreasonable in the extreme, wasting the court's time and the defendant's money. Plaintiff not only moved after her complaint was dismissed; she utilized the wrong procedural vehicle to try to obtain the relief she wanted (which was permission to amend her complaint – by moving for reconsideration when she should have moved to set aside the judgment), and her arguments, both about what the court "overlooked" and why she should be allowed to amend her pleading, were entirely lacking in merit.[2]

It is, therefore, appropriate that Plaintiff and her counsel be jointly and severally liable for the cost to Defendant of responding to the motion for reconsideration. Buzzfeed's counsel should break out that amount and prepare a judgment for the court's signature.

This constitutes the decision and order of the court. The Clerk should remove the motion at Docket No. 35 from the court's list of open motions.

Dated: January 13, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

---

[2] In its original decision, the court concluded that it was fair use for Buzzfeed to reprint four Instagram postings that incorporated plaintiff's photographs of an accident as part of its reporting on a controversy about whether those very Instagram postings were about an actual or a staged incident. Plaintiff contended on reargument that this was wrong because Buzzfeed had used all four Instagram posts to illustrate its story about the controversy, while some other commentators had been content to use fewer, and Plaintiff had been willing to license her photographs to Buzzfeed.